## Lyttle v. Rex Coal Company.

(Decided November 9, 1917.)

### Appeal from Harlan Circuit Court.

1. Master and Servant—Safe Place—Duty of Mine Owner—Duty of Miner.—Where the uncontradicted evidence shows that the miner himself is charged with the duty of propping the roof or taking down the slate in his working place, the mine owner is under no duty to use ordinary care to furnish him a reasonably safe place for work.

2. Master and Servant—Liability of Master—Assurance of Safety.— When the master is under no duty to make the servant's place of work reasonably safe but this duty devolves upon the servant himself, a mere assurance of safety is not of itself sufficient to impose liability cn the master.

ROSE & HUFF for appellant.

J. S. FORESTER and BROCK, BROCK & BOWLING for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Garfield Lyttle, brought this suit against the defendant, Rex Coal Company, to recover damages for personal injuries. At the conclusion of the evidence, the trial court directed a verdict in favor of the defendant. Judgment was entered accordingly and plaintiff appeals.

Will Miller had a contract with the company to mine coal at 45 cents per ton. Under his contract Miller was to prop the roof and take down the draw slate. Miller hired plaintiff as a helper at two dollars ($2.00) per day. Plaintiff's time was turned in to the coal company's office by Miller. Checks for plaintiff's wages were then issued to plaintiff and the amount thereof deducted from the sum going to Miller. Miller operated a cutting machine

and employed a man by the name of Legere as hostler. Miller and Legere did the cutting and plaintiff then assisted them in loading the coal. At the time of the accident they were engaged in splitting a pillar on the second right entry and the work had progressed to a point twelve or fifteen feet from the entry. After doing the undercutting, Miller helped to load some of the coal. He then took a bar and pulled down some of the loose slate. He then attempted to pull down another piece of slate near the face of the coal, but the slate would not come down. He and Legere then left the room and told plaintiff to go on with the loading. Plaintiff says that Miller then told him that he thought the place was safe, but to be careful. Miller and Legere say that Miller merely told plaintiff to be careful. After Miller and Legere left, the piece of slate near the face fell on plaintiff and injured his ankle. Miller says that it was plaintiff's duty under his contract of employment to take down the slate. Plaintiff says that he doesn't know whether that was his duty or not.

Plaintiff's cause of action is not based on the company's failure to furnish props, but on the company's failure to use ordinary care to furnish him a reasonably safe place to work. Ordinarily the company does not owe to a miner in plaintiff's situation, the duty to prop and take down draw slate, and plaintiff failed to show any custom of the mine or agreement of the parties whereby this duty was imposed on the company. On the contrary, it was part of Miller's contract that Miller should do this work, and Miller says that it was a part of plaintiff's contract that he should do the same work. Since plaintiff merely stated that he did not know whether this was his duty or not, it is clear that Miller's statement to the contrary stands uncontradicted. Since the only method the company could have employed to make plaintiff's place of work reasonably safe was to prop the roof or take down the slate, and since the uncontradicted evidence shows that this duty devolved upon plaintiff himself, it is clear that the safe place doctrine has no application to the particular facts of this case. Carter Coal Co. v. Hill, 166 Ky. 213, 179 S. W. 2; Eagle Coal Company v. Patricks' Admr., 161 Ky. 333, 170 S. W. 960; Wallsend Coal & Coke Company v. Shields' Admr., 159 Ky. 644, 167 S. W. 918.

Nor is there any merit in plaintiff's contention that the case should have gone to the jury because of the state-

ment of his superior, Miller, that he thought the place was safe, but to be careful. In the absence of a legal duty on the part of the master, a mere assurance of safety will not be a ground of recovery. Not only was the company in this instance under no duty to make plaintiff's place of work reasonably safe, but this duty devolved upon plaintiff himself. Under these circumstances the statement of Miller was not of itself sufficient to impose liability.

Judgment affirmed.