### Nashville Bridge Company v. Marsh.

(Decided February 2, 1926.)

### Appeal from Allen Circuit Court.

1. Master and Servant—One Removing Scaffold Held Independent Contractor.—Where bridge company arranged with another to remove scaffold, employing his own laborers, directing the work, and keeping material as compensation, he was independent contractor, and bridge company was not liable for manner in which he removed scaffold, unless it owed nondelegable duty to adopt precautionary measures.

2. Master and Servant—Builder of Scaffold Must Adopt Safety Measures when Removal by Contractor will Endanger Third Persons.—If removal of scaffold would necessarily endanger third persons, it would be nondelegable duty of company erecting it

and contracting for its removal, to adopt measures for their safety at time of such removal.

3.  Master and Servant—Independent Contractor's Employee Held to Assume Risk in Removal of Scaffold.—Where independent contractor was removing scaffold of bridge company, bridge company was not liable to contractor's injured employe, since such employment, assumed attendant risks consequent upon proper removal of scaffold by his employer.

THURMAN D. DIXON and ROBERTS & COOPER for appellant.

N. F. HARPER and A. J. OLIVER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Under a contract with the city of Scottsville the Nashville Bridge Company constructed a steel reservoir or water tank about twenty feet in diameter and fifty feet in height. In its construction an interior scaffold was erected consisting of several upright scantlings joined together and forming a post in the center. Other upright scantlings were spaced around the wall, and crosspieces were nailed to the center post and also to the outer ones, radiating from the center like the spokes of a wheel. This scaffolding was built in ten-foot sections, planks being placed upon the crosspieces at the top of the section to afford a platform for the workmen. As the work progressed additional sections were added by placing other uprights upon those already installed and continuing the same process, four ten-foot sections and one five-foot section at the top being used. At the completion of the work it was accepted by the city except as to incidental calking, in the event of leaks; and the foreman of the bridge company contracted with one Guthrie, a resident of Scottsville, to remove the scaffold, it being agreed that Guthrie should have the material as his compensation for the work. Guthrie employed hands and worked one afternoon, removing the planks used for the platform and the two sections next the top. In doing this the plank was first removed and the crosspieces prized loose from the uprights with a pinch bar, where this could be done. Where it could not be done the pieces were sawed in two, the plank and timbers being lowered to the ground, a piece at a time by means of a rope. Guthrie was called away the following day but told his

hands that they might proceed with the work if they desired. Three of them went to work the following morning, and while they were so engaged the scaffolding gave way and they were precipitated to the ground, one being killed and plaintiff badly injured. Afterwards he filed suit against the Nashville Bridge Company for personal injuries and recovered judgment for $1,000.00, from which the bridge company appeals.

It appears that the material used in the scaffold was largely of oak, which is a hard wood, but that some of the crosspieces were poplar and chestnut, which are soft woods, and do not hold as firmly as oak, and that in this respect and perhaps otherwise in a manner not shown the construction of the scaffold was defective, while on the other hand it is shown that it supported seven or eight workmen and the material used in the construction of the tank. It is freely admitted, however, that Guthrie employed his own laborers and directed the work and that the bridge company assumed no control over either. Clearly Guthrie was an independent contractor and the bridge company would not be liable for the manner in which he removed the scaffold, unless it owed a nondelegable duty to adopt precautionary measures for such removal. If the scaffold was erected at a place where its removal was necessarily attendant with danger to third persons in the vicinity, it would have been the duty of the bridge company to adopt measures for their safety, and this duty would be nondelegable. But that rule does not apply here. The various parts of the scaffold were open and visible, though its removal was necessarily attendant with some hazard. In voluntarily accepting employment on this work appellee assumed the attendant risks consequent upon its proper removal by his employer, and the bridge company is not liable for the manner in which the removal was effected. Russell v. Caldwell, 158 Ky. 229; Dyer v. Pauley, 144 Ky. 592; Wilson v. Chess Wymond, 117 Ky. 571; Anderson v. Smith, 226 U. S. 439; L. & N. R. R. v. Smith, 134 Ky. 47. It follows that a peremptory instruction should have been given for defendant.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.