## Glover's Administrator v. James.

(Decided January 14, 1927.)

### Appeal from Pulaski Circuit Court.

1. Master and Servant—Lessor of Mine Held Not Liable for Death of
Miner, where Lessee Had Full Control of Employees.—Adminis-
trator of miner who was employed by lessee of mine, who was in-
dependent contractor, having full control of employees, cannot
recover from lessor, for miner's death from injuries received in
mine, since relation of master and servant must be shown.

2. Master and Servant—To Create Relation of "Master and Servant,"
Master Must Control Work.—Relation of "master and servant"
exists only where master has general control of work and right to
direct doing of it.

3. Negligence—"Negligence" Involves Duty.—"Negligence" is failure
to perform some duty.

4. Master and Servant—Lessor of Mine in Good Faith is Not Required
to Guarantee Lessee's Solvency.—One leasing out mine in good
faith is not required to guarantee solvency of lessee becoming
employer of miner suffering injury.

M. L. JARVIS and W. M. CATRON for appellant.

WILLIAM WADDLE and VIRGIL P. SMITH for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirm-
ing.

The appellee, whom we will call the defendant, owned
a coal mine. On Sept. 25, 1924, a piece of slate fell from

the roof of that mine onto Robert Glover, a miner working therein, and inflicted upon him injuries from which he subsequently died. His administrator, whom we will call the plaintiff, began this action against James to recover $10,000.00 for his death. At the conclusion of the plaintiff's evidence, the court directed the jury to return a verdict for defendant, and the plaintiff has appealed.

Some years before this accident, the defendant had operated this mine himself, but at the time of the accident he was not operating it. Some months before the accident the defendant leased this mine to Willis Mounce. This was a verbal lease, and all we know about its terms is what was stated by Mounce, in his evidence for the plaintiff, and from that we gather that Mounce was to take the mine in the condition that he found it, was to have the right to use the supplies and equipment that were there, James was to furnish any additional pipe that was needed, Mounce was to furnish all additional track or other things that were necessary, and to pay James a royalty of 2 cents per bushel. The selection of the workmen, their supervision and all matters connected with where they should work and how they should work were under the control of Mounce. James had nothing to do with the management or direction of the work, and had no charge or control of the workmen.

In his petition, the plaintiff set up Glover's death; that defendant was the owner of this mine; that the defendant employed more than fifteen miners and had not employed a competent, qualified mine foreman; had not accepted the provisions of the workmen's compensation act, and that Glover's death was occasioned by the negligence of the defendant. The defendant denied that he was operating the mines; that he was under any duty to employ a certified mine foreman, and put in issue every allegation of the petition. His answer also contained a plea of contributory negligence, assumption of risk and that Glover's death was due to the negligence of a fellow servant. In a subsequent paragraph of his answer, he pleaded that he had leased the mine to Willis Mounce, who operated same, and that the defendant had no control or supervision of the work, and did not employ the plaintiff or any one else to work in the mine. The plaintiff denied these things in reply, and thus completed the issue.

At the conclusion of the plaintiff's evidence, the court instructed the jury to find for defendant, and it is of that instruction that the plaintiff is complaining.

Before the plaintiff can recover, he must show that the relation of master and servant existed between the defendant and Glover, and of this there was no proof whatever. The proof is all to the effect that Mounce had leased this mine from the defendant; had employed Glover and the other workmen; that the defendant had no charge of them whatever, and they were in no sense, under his control. Under such circumstances, he can not be held responsible for Glover's death. Mounce, in operating this property as he did, under a lease from the defendant, was an independent contractor, for whose acts and omissions the defendant was in no wise responsible. Our reports are full of cases to this effect: Nashville Bridge Co. v. March, 212 Ky. 728, 279 S. W. 1099; Structure Oil Co. v. Chambers, 208 Ky. 30, 270 S. W. 458; Hewitt Lum. Co. v. Mills, 193 Ky. 443, 236 S. W. 949; Lyttle v. Rex Coal Co., 177 Ky. 660, 197 S. W. 1070; L. & N. R. R. Co. v. Newland, 176 Ky. 166, 195 S. W. 415; White v. Olive Hill Fire Brick Co., 169 Ky. 834, 185 S. W. 107; Carter Coal Co. v. Howard, 169 Ky. 87, 183 S. W. 244. A further search of our authorities under the head of master and servant, using West Publishing Company's key number 316, will disclose a number of cases all to the same effect.

In M. H. & E. R. R. Co. v. Owen, 147 Ky. 1, 143 S. W. 421, we approved of this test: "Who has the general control of the work? Who has the right to direct what shall be done, who shall do it, and how it shall be done?"

Unless plaintiff could show that the defendant had general control of the work and had the right to direct the doing of it, the relation of master and servant did not exist between the defendant and Glover. Unless that relation existed, the defendant owed no duty to Glover. Negligence is the failure to perform some duty. Where there is no duty there can be no negligence. The proof disclosed that Mounce probably had no property subject to execution, and the plaintiff insists that the law will not allow the defendant to lease his mine to an insolvent party; to allow such insolvent person to take charge of it to engage in the hazardous business of mining therein; to invite men to work at that business and escape respon-

sibility. The law does not require a man, who, in good faith, leases out property of this kind, to guarantee the solvency of his lessee, and the plaintiff's position is untenable. We are unable to find any error in this record.

The judgment is affirmed.