### Yellow Poplar Lumber Company v. Adkins.

(Decided November 18, 1927.)

### Appeal from Pike Circuit Court.

1. **Master and Servant.**—One employed to cut timber for lumber company, which had no control over work except to see that timber was properly cut and of desired lengths, was independent contractor, for whose acts or omissions lumber company could not be compelled to answer.

2. **Master and Servant.**—To impose liability on one contracting for work for nuisance or trespass committed by independent contractor, such nuisance or trespass must be called for by work latter is engaged to do, as distinguished from method of doing it.

3. **Master and Servant.**—Employment to cut and deliver timber for lumber company does not necessarily involve commission of nuisance, as by constructing tramroad across highway and allowing it to get into defective condition, so as to render lumber company liable for resulting injuries; nuisance resulting from manner in which work was done, not from work itself.

STRATTON & STEPHENSON for appellant.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

Catherine Adkins, whom we will refer to as the plaintiff, obtained a judgment for $2,500 against the Yellow Poplar Lumber Company and Paris Charles. The lumber company has appealed. On June 12, 1922, the lumber company made a contract with Paris Charles to cut timber for it. By the terms of this contract, Charles was to have the use of certain machinery, rails, etc., belonging to the lumber company, was to build his own tramroads over which to haul the timber, and was to be paid $17 per 1,000 feet for timber cut under the contract. The lumber company had no control over his work other than to see that the timber was properly cut and of the desired lengths. Charles constructed a tramroad across Hurricane fork of John's creek, and this tramroad crossed a public highway. When this tramroad was built, ballast was used, and where it crossed the highway, it was so filled in and fixed as to make a reasonably convenient crossing.

On February 14, 1924, the plaintiff and her daughter were using this highway. They were riding a mule, the daughter in front and the plaintiff behind her. A recent rain had washed out the ballast and other material placed in this tramroad at the highway, and these two women testify that, by this washout, the rails were left about 18 inches above the surface. In attempting to cross the mule's foot hung on the rail in some way, causing the mule to stumble, and the plaintiff was thrown off and her leg was broken.

This case is much like the case of D. E. Hewitt Lumber Co. et al. v. Mills, 193 Ky. 443, 236 S. W. 949. The contracts are very similar, and that case is of controlling applicability to this case. The Yellow Poplar Lumber Company had no control over Paris Charles. He was an independent contractor, and the lumber company should not be compelled to answer for his acts or omissions. See Nashville Bridge Co. v. Marsh, 212 Ky. 728, 279 S. W. 1099; Structure Oil Co. v. Chambers, 208 Ky. 30, 270 S. W. 458; Smith v. Howard, 201 Ky. 249, 256 S. W. 402; Stamper v. Jesse, 199 Ky. 324, 250 S. W. 1008.

This case is unlike the cases of Pine Mt. R. Co. v. Finley (Ky.) 117 S. W. 413 and L. & E. R. Co. v. Breathitt County Board of Education, 176 Ky. 541,

195 S. W. 1094. In those cases, the contractee was held liable for nuisances and trespasses committed by an independent contractor. The plaintiff here insists that the construction of this tramroad across the public highway was a nuisance for which the lumber company is liable, but, to impose liability upon a contractee for a nuisance or a trespass committed by an independent contractor, such nuisance or trespass must be called for by the work the independent contractor is engaged to do. In other words, to hold the contractee liable, the work contracted for, as distinguished from the method of doing it, must be such as will itself create a nuisance. See 39 C. J. 1329.

The employment of Paris Charles to cut and deliver this timber did not necessarily involve the commission of a nuisance, and, if by constructing this tramroad across this highway and allowing it to get into the condition described a nuisance has been created, the lumber company is not liable for it, as the nuisance resulted, not from the work Charles was engaged to do, but from the manner in which he did it.

The court should have directed the jury to return a verdict for the lumber company, and for its failure to do so the judgment is reversed.