## Yellow Creek Coal Company v. Lawson.

(Decided May 3, 1929.)

DAVIS & HARRISON for appellant.

J. S. GOLDEN for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY— Reversing.

On December 4, 1925, about 7:30 o'clock a. m., appellee, a boy then 13 years of age, was injured by coming in contact with a live electric wire, which was hanging

some 4½ or 5 feet from the ground, and which wire was one of a system of wires running from the power plant of appellant to its camp site and camp houses occupied by its employees on Yellow creek in Bell county. These wires crossed and overhung the school grounds of the public school of district No. 65 in Bell county, and between the schoolhouse and the public road. On the occasion of his injury, appellee was a student attending this school. As he entered the school grounds, some of the earlier arrivals of the school children who had discovered this wire sagging between the poles were jumping up and striking the wire with their fingers, by which they had received shocks sufficient to knock them down but not to injure them. As appellee approached the group and the wire, one or more of the children called his attention to the wire and told him of the shocks they had received, and advised him not to touch the wire; whereupon he replied, as some of the children say with an oath, "It won't hurt me," and took hold of it. He was knocked down, severly burned on his head, and rendered unconscious. It does not appear by what means he was released from contact with the wire, as one or more of the children present undertook to release him and were knocked down; but as it is shown that the current over these wires was controlled by an automatic switch which shut it off at 7:30 o'clock each morning, it is probable that the the injury occurred at this hour, and his release from contact with the wire came about by reason of the fact that the current was automatically shut off. Appellee sued by his father as next friend, and recovered a verdict for $1,000, and from the judgment thereon this appeal is prosecuted.

The action was brought against appellant and Log Mountain Coal Company jointly, but at the conclusion of appellee's testimony, a peremptory instruction was given as to the Log Mountain Company, and it was dismissed. No cross-appeal is prosecuted.

On the trial appellant contended that the sagging of the wire and the injury to plaintiff resulting therefrom were caused by a third party—an independent contractor—for whose acts and negligence it is not responsible. It showed that the condition of the wire was brought about by the felling of a tree, the branches of which caught the wire and pulled it down. This tree was felled by employees of Minton & Courtney, with whom

appellant had entered into contract to cut timber from its lands surrounding the school grounds, and for which it paid them at the rate of $17 per thousand feet; they hiring, paying, and discharging their employees and hands. Appellant paid Minton & Courtney bimonthly for all timber cut and delivered the previous two weeks. They were men of experience in cutting and felling timber, and were qualified to do the work. It was shown that the particular tree, the branches of which it is claimed pulled down the wire in question, was felled about 4 o'clock on the evening of December 3d, about an hour after school had been dismissed; that it was cut by Mitch Bailey and his son, and James Courtney, all of whom were employees of Minton & Courtney and experienced in cutting timber trees; that it was then nearly dark, and that after the tree was felled the wire was then hanging about nine feet above the ground; that they discovered the proximity of the wire to the tree and intended and attempted to so fell the tree as not to strike the wire; but that the tree broke and fell over differently from the way they intended for it to fall.

From this, it is argued by appellant that it was entitled to a peremptory instruction; or, if not, that the instructions given were erroneous in failing to limit the question of its negligence to the particular matter for which, if any liability existed, it was responsible; or in other words, if the condition of the wire was brought about by the independent contractor, the instruction should have excluded the impairment of the wire as an act of negligence on its part.

To this appellee replies that instructions should be limited to issues presented by the pleadings, and that a defense not pleaded should not be submitted to the jury; and, inasmuch as appellant did not plead that the impairment of the wire was caused by the independent contractor, it was not entitled to an instruction on that theory, even though it offered proof to sustain it. This is undoubtedly the rule; but counsel has overlooked the pleadings. In the petition it is alleged: "And the defendants did, with gross negligence and carelessness, knock and break said wires charged with said electricity, loose from the poles and did allow same to swing down near the ground . . . ; and after the agents and servants of the defendant companies had knocked said wires loose from the pole as aforesaid, and near to and on to

the ground where the school children, including this plaintiff, were at the public schools above mentioned, the defendant did allow and permit same to remain down and in such dangerous condition for many hours and days until it inflicted the injury aforesaid upon plaintiff."

These allegations were denied, which obviously made an issue. Since it denied that it, or its agents or servants, or any agent or servant, knocked the wires loose, by what rule of law, or by what line of reasoning should appellant be prevented from showing who did knock the wire down, if it did not do so? None has been called to our attention, and we are persuaded none can be found.

Appellant was not entitled to a peremptory instruction, for the reason that there is evidence on behalf of appellee to the effect that the wire in question was hanging within $4\frac{1}{2}$ feet of the ground for as long as three days before appellee's injury. But under its testimony, and the pleadings, as hereinbefore pointed out, it was entitled to an instruction presenting the defense relied on. Yellow Poplar Lumber Co. v. Adkins, 221 Ky. 794, 299 S. W. 963; Shafer v. Chesapeake & O. R. Co., 228 Ky. 219, 14 S. W. (2d) 780.

The general rule is that, "where one employs another to execute a piece of work and the one so employed has the right to select his own assistants, or help, the employer having no control over the hands of the employee, and no right to direct the manner in which the work shall be done further than to require that it shall be done in compliance with specifications under which it is contracted to be done, the one so contracted with is an independent contractor," for whose negligence the employer is not liable. Hewitt Lumber Co. v. Mills, 193 Ky. 443, 236 S. W. 949; 14 R. C. L. 17, 39 C. J. 1624. There are however, a number of exceptions to that rule, one of which is, though one employs an independent contractor to do certain work, and though he thereby escapes liability for the negligence of such contractor, he is nevertheless answerable for his own negligence; and if negligence of the employer concurs with the negligence of his independent contractor and an injury thereby results to a third person, the employer is not absolved from liability because he has employed the contractor. 14 R. C. L. sec. 19.

If, as claimed by appellee, the wire in question was hanging close to the ground for three days prior to the

249

injury, under the facts of this case, appellant was negligent in failing to discover its condition and repair it. But if it was knocked down by an employee of Minton & Courtney at the time testified to by them, and appellant had no notice of its condition, then it was not negligent if, in the exercise of that degree of care the law imposes upon it, it could not have discovered the condition of the wire prior to appellee's injuries. It was entitled to an instruction presenting this question to the jury, and for the court's failure to give it the judgment must be reversed.

On the next trial of the case the court will give an instruction to the effect that, if the jury believe from the evidence that the wire in question was knocked down by employees of Minton & Courtney at about 4 o'clock in the afternoon of the day before the injury sustained by plaintiff, and thus made to sag as described in evidence, and that defendant could not, by the exercise of the highest degree of care, have discovered its condition between the time it was knocked down and the time plaintiff received the injury complained of, then the law is for the defendant and they should so find.

Wherefore the judgment is reversed for proceedings consistent with this opinion.