## Slusher v. Asher et al.

(Decided June 23, 1933.)

J. H. TAYLOR and R. L. POPE for appellant.

E. B. WILSON and LOW & BRYANT for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Judgment as to first named defendant affirmed, and appeal dismissed as to second named defendant.

T. J. Asher on June 6, 1929, entered into a contract with the F. W. Graham Company, Incorporated, by which it agreed to construct for him a line of railroad 7.6 miles long, up the left fork of Straight creek in Bell county. The Graham Company went to work upon the construction of the railroad and erected a derrick on the right of way. To hold the derrick in position, it attached to the top of the derrick a wire rope which was securely tied to a stump on the upper side of the county road, and hung down over the road four or five feet above the surface. C. B. Slusher was riding down this road on horseback at night in ignorance of the wire

rope across the road, and was caught by the rope and dragged from his horse, thus sustaining a serious injury. He brought this action against the Graham Company and T. J. Asher to recover for his injury. The Graham Company filed answer denying the allegations of the petition and also pleading contributory negligence on the part of Slusher. Asher filed an answer, the first two paragraphs of which were practically the same. In the third paragraph he pleaded, in substance, that the Graham Company made the contract with him by which it agreed to build the railroad and that pursuant to the contract it did the work; that the derricks and wire rope complained of were the property of that company and in its possession, and were managed and operated alone by it and by its employees, without any interference or supervision on his part; that Graham & Co. were independent contractors for the work, and that he had nothing to do with it. The written contract between Asher and the Graham Company was filed as part of the answer. The plaintiff filed a demurrer to this paragraph of Asher's answer. The court overruled the demurrer, holding that Asher was not responsible for the alleged wrongs of the independent contractor. The plaintiff declined to plead further. The petition as to Asher was dismissed, to which the plaintiff excepted and prayed an appeal, which was granted.

In the statement of the appeal filed in this court, T. J. Asher and F. W. Graham Construction Company are made appellees. There has been no final judgment in the circuit court as to the Graham Company. The petition was only dismissed as to T. J. Asher. The appeal therefore is dismissed as to the Graham Company, for there has been no final judgment as to it.

The written contract between Asher and the Graham Company is in the usual form by which an independent contractor undertakes work, and it is not substantially different from that before this court in a number of cases where it was held that the party doing the work was an independent contractor, and that the person making the contract with him was not liable for his negligence. The contract is upon a form which has often been before this court, and it has been uniformly held that the person contracting for the work to be done by the other is not liable to others for his negligence in doing the work. Lexington, etc., R. R. Co. v. White,

182 Ky. 267, 206 S. W. 467; 39 C. J. p. 37, 38; Home Ins. Co. v. Henderson Lodge, 201 Ky. 522, 257 S. W. 422; Hewitt Lumber Co. v. Mills, 193 Ky. 443, 236 S. W. 949; Yellow Poplar Lumber Co. v. Adkins, 221 Ky. 794, 299 S. W. 963.

It is insisted for the appellant that the doctrine of independent contractor does not obtain where the thing to be done results in a nuisance. This doctrine would apply, if the placing of a wire rope across the highway was required by the contract. But it does not apply here, for the reason that the contractor was not required by the contract to place any rope across the highway. Its placing it there was its voluntary action and without the knowledge or consent of Asher. It could not thus impose a liability on Asher for its acts. By the terms of the contract Asher retained the right to stop the Graham Company at any time if the work was not properly progressing. But this was only for his protection. It did not create any obligation on him to watch the work for the protection of others. He had not taken charge of the work, and was not responsible for the wire rope stretched across the highway by the Graham Company, as it was an independent contractor over whom he had exercised no control.

Judgment as to T. J. Asher is affirmed; as to the Graham Company the appeal is dismissed.