## Hamblin's Adm'x v. Gatliff Coal Co.

May 5, 1939.

J. B. JOHNSON for appellant.

TYE, SILER, GILLIS & SILER and T. E. MAHAN for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Whitley Circuit Court dismissing the petition of the appellant, Sarah Hamblin, administratrix of the estate of Lee

Hamblin, deceased, against the appellee, Gatliff Coal Company. In December, 1937, Lee Hamblin was killed by a falling tree. The petition here involved was filed against the appellee and also against one Marshall Lambdin. It is alleged that Lambdin, under the direction, control, and supervision of the Gatliff Coal Company, supervised the work of felling and sawing timber for the purpose of making mine props and other necessary lumber for the operation of appellee's mine, and that, at the time of the injuries resulting in his death, the deceased was engaged as a laborer "by the said defendants." It was asserted that deceased was killed as a result of the negligence of the defendants, their agents, and servants, in the manner in which they felled the tree which struck the deceased. The appellee filed a separate answer containing five paragraphs. By the fifth paragraph, appellee pleaded that its co-defendant, Marshall Lambdin, was not an employee of the coal company, but was an independent contractor with whom it had a written contract for the purchase of ties, props, capboards, and jack-posts, at specified prices. A copy of the written contract between the appellee and Lambdin was filed as an exhibit with the answer. The appellant filed a reply in which she denied that the written contract between the appellee and Lambdin was in effect at the time complained of in the petition; and denied that the deceased, Lee Hamblin, was not an employee of the Gatliff Coal Company. By an amended reply directed specifically to the fifth paragraph of the answer, it was asserted that appellee was under a duty to provide lumber for its mines and that the appellee attempted to evade this duty by the contract set out in the answer through having Marshall Lambdin furnish the timbers, "and that the said defendant knew that Marshall Lambdin was not financially responsible and any one employed by him would be unable to recover damages from him due to his negligent acts and that the said Marshall Lambdin is not financially able to satisfy a judgment in favor of the plaintiff herein and was not when the contract was made and that the work required to be done in the case given to the said Marshall Lambdin in felling timbers and execution of the same is necessarily a hazardous (work) and that injurious results may reasonably expect to follow."

Appellee filed a demurrer to this amended reply. The court sustained the demurrer and appellant de-

clined to plead further. Thereupon the petition was dismissed and this appeal followed.

It is obvious that the court did not err in sustaining the demurrer. Whatever duty might rest on appellee to furnish timber for use in its mines was performed when the timber was furnished. Appellee might manufacture the timber itself or it might purchase the completed product. If it chose to purchase the timber manufactured and ready for use, it is manifest that it was under no obligations to the employees of the manufacturer. Glover's Administrator v. James, 217 Ky. 572, 290 S. W. 344.

A more serious question is presented by the action of the court in dismissing the petition after the demurrer, which was addressed simply to the amended reply, had been sustained. It will be observed that the original reply, in its response to the fifth paragraph of the answer, tendered an issue of fact as to whether or not the contract between Lambdin and the appellee was in effect at the time of the accident. The amended reply, however, admitted the existence and force of the contract but sought to avoid its efficacy upon an untenable ground. Appellant in her original reply simply denied that the contract was in force without undertaking to say why it was not in force. Certainly the court had the right to consider all of the pleadings and to assume that the final amendment expressed appellant's settled position. There was no occasion to revivify the traverse in the original reply when it had, to all intents and purposes, been withdrawn by the inconsistent amendment, and the state of the pleadings as thus presented fully justified the court in sustaining the demurrer as it did. Appellant elected to stand on the demurrer so that the question here presented really narrows down to a determination that if the contract was in effect then it furnished a complete defense to appellant's claim in the absence of some other facts in avoidance. As we have seen, the attempt to avoid was destitute of merit. We are thus left with an admission of the existence of the contract and the indisputable fact that by its terms appellee had nothing to do with the timber other than to buy it when manufactured. Obviously appellee owed no duty to the deceased the violation of which would authorize recovery on the record here presented.

Judgment affirmed.