**James Bob CLEMONS, Appellant,**

v.

**Stanley W. BROWNING; Benjamin Matthews; and Jack Hardesty, Appellees.**

Court of Appeals of Kentucky.

July 18, 1986.

Kenneth L. Sales, Louisville, for appellant.

Douglas B. Taylor, William B. Bowman, Louisville, for appellees.

Before GUDGEL, HOWERTON and MILLER, JJ.

MILLER, Judge.

Appellant brings this appeal from a summary judgment entered in his personal injury suit. CR 56. The facts of the case are these: In 1984, Stanley W. Browning, a resident of Jefferson County, Kentucky, undertook to build a new home at 1418 Sylvan Way. Browning was not a builder, rather his business was that of an insurance agent. In building his home, he contracted with various contractors including Benjamin W. Matthews, d/b/a Matthews Construction Company (Matthews Construction), to erect the frame, and Stewart Roofing Company (Stewart Roofing) to install the roof. The construction commenced and Browning departed on vacation. On July 13, 1984, while Browning was on vacation, appellant/James Bob Clemons, an employee of Stewart Roofing, was injured when a scaffold upon which he was standing gave way. The scaffold was erected by Jack Hardesty, an employee of Matthews Construction. Clemons sued Browning, Matthews Construction and Jack Hardesty, alleging joint and several neglect regarding the construction of the scaffold.

The trial court, relying upon *Simmons v. Clark*, Ky., 426 S.W.2d 930 (1968), and *Jennings v. Vincent's Adm'x.*, 284 Ky. 614, 145 S.W.2d 537 (1940), entered summary judgment in favor of Browning, thus precipitating this appeal. We affirm.

 There is no doubt that construction of the house was accomplished through independent contractors. *See Yellow Creek Coal Co. v. Lawson*, 229 Ky. 245, 16 S.W.2d 1043 (1929). The liability of a landowner for acts of independent contractors is limited to those instances where the acts of the independent contractor(s) constitutes a nuisance or the acts themselves are inherently dangerous. *See Jennings, supra*. In the case at hand, there is no contention that the construction, the use of the scaffolding, or the building of the house constituted a nuisance. Nor, as a matter of law, does it amount to an inherently dangerous activity. *See Simmons, supra,* and *Jennings, supra*.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

Further, pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.