## D. E. Hewitt Lumber Company, et al. v. Mills.

(Decided January 20, 1922.)

### Appeal from Martin Circuit Court.

1. Master and Servant—Independent Contractor—Negligence.—Ordinarily where one employs another to execute a piece of work and the one so employed has the right to select his own assistants or help, the employer having no control over the hands of the employe, and no right to direct the manner in which the work shall be done further than to require that it shall be done in compliance with the specifications under which it is contracted to be done, the one so contracted with is an independent contractor. The relationship of master and servant does not exist between the contractor and the contractee, and the employer is not liable for any injuries which may be sustained by third persons from the negligent manner in which the work may be done by the employes of such independent contractor.

2. Master and Servant—Independent Contractor—Contributory Negligence.—Evidence examined and held that one of the defendants, Pack, was an independent contractor and alone liable for negligence, if any, in the operation of the logging train upon which plaintiff was riding when injured; that there was sufficient evidence of negligence by his employes to carry the case to the jury on that question; and that upon the evidence the question of contributory negligence was also for the jury.

3. Master and Servant—Assumption of Risk.—Plaintiff being either a licensee or a trespasser and not an employe there was no question of assumed risk presented, since defendant was only liable for a neglect of duty due her in the operation of the train and she did not assume the risk of such negligence.

4.  Master and Servant—Ordinary Care.—The duty which one who operates a logging train in connection with a private business and not as a common carrier, owes to another whom he or his agents or employes, with his consent or acquiescence, permits to ride thereon as a matter of accommodation and not for hire, is ordinary care.

5.  Master and Servant—Independent Contractor—Evidence.—Evidence which explains a matter referred to but not explained in the contract under which the train was being operated, held to be competent upon the question of whether the operating defendant was an independent contractor or the servant of the other.

W. R. McCOY for appellants.

J. B. CLARK and KIRK & KIRK for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an appeal by the defendants, the D. E. Hewitt Lumber Company and Joe Pack, from a judgment for $500.00 damages in favor of plaintiff, now appellee, for personal injuries sustained by her while riding upon a log train which was being operated by Pack on a narrow-gauge railroad between the lumber company's sawmill and a large tract of timber land owned by it, a distance of about fifteen miles.

The defendants answered separately, and the first question for decision is whether or not, as claimed by the lumber company, its co-defendant, Joe Pack, was an independent contractor, and alone liable, or whether, as claimed by the plaintiff, the relationship of master and servant existed between the lumber company and Pack, and both are liable for any negligence in the operation of the train.

Only flat cars for hauling logs to the mill were operated upon the railroad and neither passengers nor freight were regularly carried thereon, but frequently, as on this occasion, and simply as a matter of accommodation, persons were permitted to ride and articles were carried on the flat cars to and from points along the railroad.

Both the sawmill and the timber land were formerly owned by the Wolf Creek Lumber Company and while so owned a narrow-gauge railroad connecting same was constructed by Pack under contract with the Wolf Creek Lumber Company, and as is conclusively shown by the proof he was at the time of the accident operating the railroad under that contract, but the D. E. Hewitt Lumber Company had acquired the title of the Wolf Creek

Lumber Company to the sawmill and the timber land and had succeeded to its rights and obligations under this contract with Pack.

That contract provides in substance that Pack shall cut, haul and deliver to the mill all timber above fourteen inches in diameter and in such lengths as desired from the tract of timber; that he shall build the railroad, do all the work and bear all the expense necessary thereto and in delivering the logs; that he shall commence at once and diligently prosecute to completion the construction of the railroad and thereafter deliver as much as 35,000 feet of lumber per day to the sawmill; that the company is to furnish the right of way for the railroad in accordance with its contract with the landowners along the route, together with sufficient beech timber for tram ties, and the rails it had leased from the N. & W. Ry. Co.; but that Pack shall pay the rental on the rails and at the expiration of the lease return them to the N. & W. Ry. Co. For his services the company agrees to pay him stipulated prices per thousand feet for different kinds of logs delivered by him to its mill under the contract. There is a provision for arbitration in case of dispute and another for advancement by the company to Pack of money to meet his monthly pay rolls. It is further provided that Pack assumes all responsibility for cutting the logs, delivering same and operating the railroad, and that in case he "fails to deliver the amount specified in this contract that the lumber company can put men in and prosecute the contract as cheaply as possible and charge the amount paid for having the work done" to him.

Counsel for appellee contend that the last quoted provision, together with the fact that the company furnished the right of way, rails and ties for the construction of the railroad, gave it sufficient interest in the railroad and such control and supervision over its operation that Pack was but its servant and not an independent contractor in the operation of the railroad. But, manifestly, this is not true.

"Ordinarily where one employs another to execute a piece of work and the one so employed has the right to select his own assistants or help, the employer having no control over the hands of the employe, and no right to direct the manner in which the work shall be done further than to require that it shall be done in compliance with the specifications under which it is contracted to be done,

the one so contracted with is an independent contractor. The relationship of master and servant does not exist between the contractor and the contractee, and the employer is not liable for any injury which may be sustained by third persons from the negligent manner in which the work may be done by the employes of such independent contractor.''

The rule is thus stated, together with the exceptions, none of which are pertinent here, in Pine Mountain Oil Co. v. Finley, 117 S. W. 413, and to the same effect are Williams v. National Cash Register Co., 157 Ky. 836, 164 S. W. 112; Messner v. Bell & Coggeshall, 133 Ky. 19, 117 S. W. 346, 19 Ann. Cas. 1; Paducah Box Co. v. Parker, 143 Ky. 609, 136 S. W. 1012, 43 L. R. A. (N. S.) 109; Adams Express Co. v. Schofield, 111 Ky. 832, 64 S. W. 903; Madisonville, etc. R. Co. v. Owens, 147 Ky. 1, 143 S. W. 421; Ballard & Ballard Co. v. Lee's Admr., 131 Ky. 412, 115 S. W. 732, 26 Cyc. 1546.

All of the evidence shows, as the contract clearly contemplates, that the railroad was constructed, owned and operated by Pack according to his own plans, with employes of his own selection and without interference or supervision by the lumber company. Hence Pack alone was liable for its negligent operation and the court erred in refusing to direct a verdict for the lumber company.

Pack denied the alleged negligence, and pleaded contributory negligence and assumed risk, which pleas were controverted.

For reversal of the judgment against him he insists plaintiff failed to prove negligence, assumed the risk of such injury as she sustained, was guilty of contributory negligence as a matter of law and that for each of these reasons the court erred in denying his motion for a peremptory, and also erred in the instruction given defining his duties to plaintiff and in the admission of incompetent evidence.

Plaintiff proved that with the knowledge and acquiescence of Pack, his employes were in the habit of carrying persons and their effects on his trains but not for pay or as a regular business; that with her children plaintiff was living with her father, Jesse Colgrove; that the latter procured from Pack and his employes in charge of the train permission to move his household goods from where he then lived, near the mill, to a point some seven or eight miles up Wolf creek; that a flat car was set on a side track

opposite their house by the defendant's employes on the morning of the accident, upon which her father loaded their household goods; and that plaintiff and several members of the family got on the end of the car in front of the household effects; that she was seated on the bottom of the car with her feet and legs hanging down over the end thereof; that the engine was attached to the other end of the car and same was pulled out on the main track and then backed up against the other cars of the train, which had been left on the main track, with such unusual speed and violence that the drawbars were jammed or overrode one another, which allowed the bodies of the cars to come together, crushing her feet and legs and knocking some members of the party off the car; that the brakeman who had taken his position between the cars to make the coupling tried to signal the engineer to slow down, but seeing that he was not going to do so, jumped from between the cars in time to avoid injury to himself; that if the train had been backed against the standing cars in the customary way she would not have been injured.

This was ample evidence of defendant's negligence toward plaintiff if the trainmen knew of her presence on the train and owed her any duty of care, as seems to be conceded, but it is insisted that those operating the train did not know of her presence and consequently owed her no duty.

It is not entirely clear that Colgrove was given express permission to take his family on the train, but the evidence of plaintiff's position on the train and the relative positions of the train employes at different times before the accident is such that the only reasonable inference to be drawn therefrom is that her presence and position on the car were known to and acquiesced in by each of the four trainmen; that they deny this by way of defense simply made the question one for the jury and cannot be considered on the motion for a peremptory.

No question of assumed risk was presented under any possible construction of the evidence. Plaintiff was not an employe, and whether she was a licensee as she claims or a trespasser, as defendant seems to contend, she certainly did not assume the risk of a neglect of any duty due her; and unless there was such negligence in the operation of the train from which her injury proximately resulted she could not recover.

Nor was the proof such as showed as matter of law that plaintiff was guilty of contributory negligence, which is always a question of fact for the jury if upon the evidence ordinarily prudent men might reasonably entertain different opinions about the matter. We are quite unable to say that an ordinarily prudent person, exercising due care for his own safety, might not under the circumstances have assumed as did the plaintiff that the bumpers and drawheads would withstand the impact of the attempted coupling, and it is our judgment that the question of contributory negligence was properly submitted to the jury.

We are, therefore, of the opinion that the court did not err in refusing to direct a verdict for Pack.

We had occasion in the recent case of Wolford v. Majestic Colleries Co., 192 Ky. 640, to consider the degree of care due where the circumstances were entirely analogous, which was there held to be ordinary care, and adhering to that conclusion, reference is made to that case for the reasons and authorities upon which the rule is based.

Hence the court in this case erroneously placed upon the defendant's employes in the operation of the train "the highest degree of care for her safety consistent with the operation of a train of that kind" or the same as a common carrier owes where a contractual relationship exists, and for this error, which was clearly prejudicial, the judgment must be reversed.

We have examined the evidence about which complaint is made but think it competent and certainly it was not prejudicial upon the question of whether Pack was an independent contractor or simply a servant of the lumber company, since it explains fully how the rails were owned and furnished through the lumber company to Pack, a matter which is referred to but not explained in the contract under which he constructed and was operating the railroad.

For the reasons indicated the judgment is reversed as to both defendants and the cause remanded for a new trial consistent herewith.