## Neal v. Ashland-Ironton Transfer & Ferry Company.

(Decided December 14, 1923.

## Appeal from Boyd Circuit Court.

1. Ferries—Passenger Injured at Landing Guilty of Contributory Negligence.—A woman ferry passenger, negligently invited to land, and who attempted to step from the boat when she knew there was a space between it and the float and that the boat had not been fastened, and while it was still in motion, was guilty of contributory negligence as a matter of law.

2. Negligence—Contributory Negligence Held Not Question for Jury.—Generally, the question of contributory negligence is for the jury, but where all the material facts stand confessed and they show that the plaintiff was guilty of such negligence that the injury would not have otherwise occurred, then there is nothing to submit to the jury.

WAUGH & HOWERTON for appellant.

MARTIN & SMITH for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

Appellee operates a ferryboat between Ashland and points across the river in Ohio. Appellant, a young married woman and a resident of Ashland, in October, 1920, was returning from a visit to relatives at Ironton when she was injured just at the landing at Ashland, and this suit for damages was instituted by her because of the alleged negligence of defendant.

The negligence complained of is that defendant carelessly and negligently ran the front end of its ferryboat against a float or platform which it had provided for the use of its passengers, but before the rear end of the boat had come in contact with the float defendant drew its rails or opened its passageway and invited its passengers to leave the boat and step from the boat to the float; that when she was so invited to step from the boat to the platform there was a distance of several inches between the boat and the platform, and in attempting to step from the one to the other she stepped into the open space between them, whereby she was thrown between the boat and the platform and injured.

The answer was a traverse and a plea of contributory negligence, and upon the trial at the conclusion of all the evidence the court directed a verdict for defendant upon which judgment was entered.

The admitted facts are that about dusk the boat approached the landing at Ashland heading up stream, so that when the landing was effectuated the side of the boat where the exit was made by passengers would be right alongside of the float or platform; that there were on the side of the boat, about 12 or 14 feet apart, two posts through which the exist was made, and that the same distance apart on the float were two other posts called check posts, and to these two posts on the float or platform were fastened by chains the two posts on the boat, and then for the first time passengers were supposed to alight. On the occasion in question, while the boat was still a few feet from the float or platform, as was customary, one of the employes pulled back the iron bars which ran between the two posts on the boat designed to protect the passengers and jumped from the boat to the float with his chain for the purpose of tying up to what is called the upper check post on the float; just afterwards another employe pulled the iron bar back

further, and, as plaintiff says, the whole way, and stepped from the boat to the float so as to fasten his chain to the lower check post. As soon as the two employes stepped across the narrow space betwen the boat and the float several passengers also stepped across, and appellant, who had a two-year-old child with her and a valise, picked up her child in one arm and with her valise in the other hand undertook to also step across before the boat had been anchored to either one of the check posts, and while it was yet moving slowly up stream, and in doing so fell against the lower check post of the float, with her feet and legs hanging over the side of the float, and was injured.

She admits she had made the trip on this boat many times and was familiar with the manner in which it landed, and with all the surroundings, and that at the time she undertook to step from the boat to the float there had been no fastening made to either one of the check posts on the float; in other words, although she knew there had been no landing made and the boat had not been secured to the float, she undertook to step across from the boat to the float with a child in her arms and a valise in her hand. While she says she does not remember whether the boat was at the time still moving, it is in evidence by every other witness introduced on that subject that the boat was still moving slowly up stream at the time she undertook to step across from the boat to the float.

The argument is made by appellant's counsel that it was negligence for defendant to draw back the iron bar placed between the two posts on the boat for the protection of its passengers before the boat had come in contact with the float, and securely fastened to it, and reliance is had upon a New York case and a case in the 5th Federal Reporter which appear to so hold. But assuming for the purposes of this case it was negligence for defendant to withdraw the bar before the landing was made, and that such action may be interpreted as an invitation for its passengers to alight, still there was upon the part of the plaintiff such contributory negligence as precludes her right to recovery.

The place was well lighted, appellant was thoroughly familiar with the situation, she knew there had been no landing effected, she knew there was a space between the boat and the float which she must step across in order to alight, she knew the boat had not been fastened to

even one of the check posts at the time, and there appears to be no escape from the conclusion that she as a matter of law was guilty of such contributory negligence as prevents a recovery.

It is true that generally speaking the question of contributory negligence is one for the jury, but where all the material facts stand confessed, and they show that the plaintiff was guilty of such negligence that the injury would not have otherwise occurred, then there is nothing to submit to the jury. Here plaintiff admits she undertook to step from a boat which she knew had not been fastened to the landing, and which all the evidence shows was still moving, and received her injuries because of her attempt to alight before the landing was made.

It is clear that she could not have deemed the removal of the iron bar as an invitation to leave the boat, because she admits she knew the boat had not been fastened to the float, and it is apparent she knew there was a space between the boat and the float which she undertook to step across. With full knowledge of the facts she took her chances in trying to alight from the boat when she knew it was not fastened.

In analogous cases in alighting from railroad trains still in motion, it has been held that the opening of a car door upon the approach to a station is not an invitation to alight until the car has come to a stop. Glasscock v. C. N. O. & T. P. R. R. Co., 140 Ky. 720; L. & N. v. Wilson, 124 Ky. 846; I. C. R. R. Co. v. Dallas, 150 Ky. Ky. 442; Hughlett v. L. & N., 15 R. 178; Adams' Administrator v. L. & N., 82 Ky. 603; Thompson's Negligence, vol. 3, section 2881.

The court properly directed a verdict for defendant. Judgment affirmed.