## Standard Oil Co. v. Cheek.

May 19, 1939.

KIRK & WELLS and CHARLES G. MIDDLETON for appellant. C. F. PACE and A. H. ADAMS for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellee, John Cheek, filed this action against the appellant, Standard Oil Company, and one Bill Hubbard, seeking damages for personal injuries. It was alleged that on or about November 26, 1934, appellee was employed by the two named defendants in performing labor in the construction of a filling station in Paintsville, and that they permitted a large steel beam to be-

come unsafe and dangerous, thereby falling and striking appellee.

The appellant filed separate answer, pleading, among other things, that appellee was not its employee at the time of his injuries but was the employee of Bill Hubbard, who was an independent contractor engaged in doing the brickwork on the building. The answer also alleged that appellant was operating under the terms and provisions of the Workmen's Compensation Act, Kentucky Statutes, Section 4880 et seq., which had also been accepted by appellee, and that if it should be determined that Hubbard was not an independent contractor and that appellee was in the employ of appellant, then any right of recovery on the part of appellee was barred by his acceptance of the provisions of the Workmen's Compensation Act.

On trial of the action, the jury returned a verdict against appellant for $1,000, and from the judgment entered on that verdict this appeal is prosecuted, appellant's contention being that the lower court should have directed a verdict in its behalf. We have not been favored with a brief for appellee.

Appellee was injured as a result of the falling of a steel beam, on which Hubbard was engaged in laying brick. Some time prior to his injuries, he had been employed by appellant in doing some work on the grade for the building in question. While engaged in this work and on October 22, 1934, he accepted the provisions of the Workmen's Compensation Act. The card to that effect signed by him was introduced in evidence and he admitted his signature. He continued to work at the filling station from October 22 till the date of the accident. Uncontradicted evidence for appellant established that it was operating under the Workmen's Compensation Act. Appellant also introduced evidence that Hubbard was an independent contractor and its written contract with him, by which he was to lay brick for $10 per thousand, was introduced in evidence.

This statement of the case makes it obvious that a directed verdict should have been given in appellant's behalf. Under the pleadings and the evidence, there could be no possible justification for a verdict or judgment against appellant. If Hubbard was an independent contractor as contended by appellant, appellee unquestionably had no right of action against appellant,

since, according to his allegations and proof, he was injured by the negligence of Hubbard. Hewitt Lumber Company v. Mills, 193 Ky. 443, 236 S. W. 949; Ruth Brothers v. Stambaugh's Adm'r, 275 Ky. 677, 122 S. W. (2d) 501.

If Hubbard was not an independent contractor, then appellee was an employee of appellant and had no right of action against appellant because both he and appellant had accepted the provisions of the Workmen's Compensation Act and were operating thereunder. Kentucky Statutes, Section 4882.

The judgment is reversed for further proceedings consistent with this opinion.