# Price v. T. P. Taylor & Co., Inc.

June 7, 1946.

Rehearing denied October 1, 1946.

Julius Leibson for appellant.

Allen, McElwain, Dinning & Clarke and Oldham ' Clarke for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Ina Price, plaintiff below, appellant here, brought action against the T. P. Taylor Company, Incorporated, asking damages for personal injuries, allegedly caused by the negligence of the defendant.

The defendant operated a drug store on the Bardstown Road in Louisville. A soda fountain extended along one side of the store, about which were 15 or 16 stools, situated about 23 inches apart. The stools were approximately 30 inches high and measured 13 inches across the top. A foot railing 10 inches high and 10 inches in width ran around the base of the fountain and the stools were set back 7 inches from this railing. The seat of one of the stools, the third or fourth from the end, was broken and had been removed which left only the stem. This stem was approximately 28 inches high and had a triangular top about 2¼ inches on each side. Five 300 watt lights were situated over the soda fountain, all of which were burning at the time of the accident.

On the 15th of December, 1943, late in the afternoon, the plaintiff, who was suffering from a cold, entered the drug store to purchase some castor oil in root beer. She placed her order at the fountain and walked over to the merchandise department to purchase some Kleenex. The counter from which she purchased her Kleenex was about 18 feet from the soda fountain. After purchasing the Kleenex, she returned to the soda fountain where the fountain clerk was preparing her castor oil in root beer. She asked the clerk to put some more castor oil in the root beer, and while waiting for this she undertook to sit down, and in so doing sat down on the stem of the stool from which the seat had been removed. She hit her coccyx bone on the stem of the stool and fell to the floor and hit the end of her spine on the base or

pedestal of the stool, thereby causing the alleged injuries.

The cause went to trial and at the conclusion of plaintiff's proof, defendant made motion for directed verdict, which was overruled. At the conclusion of defendant's proof, the motion for a directed verdict was renewed, which was sustained. The court held that appellant's case should be dismissed because she was guilty of contributory negligence as a matter of law. Plaintiff prosecutes this appeal.

Appellant alleges two grounds for reversal—that the trial court erred, first, in rejecting competent evidence, and, second, in sustaining appellee's motion for peremptory instruction.

Appellant admits that it will not be necessary to consider ground (1) unless ground (2) is sustained. Consequently, we shall discuss ground (2) first.

Appellee in brief insists that there was no evidence of negligence on the part of appellee; that appellant was contributorily negligent as matter of law, and consequently, the peremptory instruction was proper.

The appellant is strongly insistent that it was error to impose on the appellant the absolute duty to look at the particular seat in order to ascertain its condition before she sat down, and that under our authorities the question as to whether or not she exercised ordinary care for her own safety was a matter for the jury to consider. He cites in support of that position a number of cases, most all of which have to do with obstructions or defects in the floor.

The appellant stated in substance that she had a cold, and after placing her order for the castor oil, she purchased some Kleenex, after which she walked back to the counter to get the order, and that as she walked toward the counter she had the Kleenex to her nose but she noticed the stools there more from a casual inspection, and that when she started to take the castor oil she sat down presuming the seat was right behind her. On cross-examination she testified that she took a casual glance and noticed a row of seats but didn't examine them to see that all the seats were on the stools and "my eyes were on the counter and I was thinking about the castor oil and didn't examine the stool to see if it was

in perfect order. I presumed the seat was there." She testified that the building was well lighted. She was then asked this question: "There was nothing to conceal the fact that the seat wasn't there from you, was there?" Answer: "No sir, other than it was kind of under the counter like and it wasn't real bright there."

The court below, in its opinion, analyzed the facts as follows: "The lady says she went into the store, and if she had looked she could have seen that the seat wasn't there; that there wasn't anything there to prevent her from seeing if it she had looked. Now, under a set of facts of that kind, where the lady herself admits that she didn't look and just sat on something that wasn't there, —to my mind the law doesn't impose any liability upon the T. P. Taylor Company. This lady is guilty, as I understand the law, of contributory negligence and by reason of her contributory negligence she has contributed to her own injury, and under that set of facts, I must direct you to find a verdict for the T. P. Taylor Company."

It seems to be the generally accepted rule that there can be no recovery of damages for negligence if the injured person by his own negligence, or failure to exercise due and reasonable care for his own safety, was responsible for the accident or occurrence of the injury. The theory of contributory negligence is predicated upon the premise that there is a duty imposed upon all men to observe ordinary care for their own safety. In the exercise of ordinary care, ordinary prudence dictates that every person is to exercise his intelligence and to make such use of his senses in the interest of his own safety as a reasonably prudent person would exercise under like circumstances.

In 38 Am. Jur., Negligence, Section 199, it is stated: "A customer in a store is bound to take ordinary or reasonable care for his own safety. Upon entering a store, a customer is required to use in the interest of his own safety that degree of care and prudence which a person of ordinary intelligence and prudence would exercise under the same or similar circumstances. He must make a reasonable use of his own faculties to observe and avoid dangers upon the premises." See Annotations 100 A. L. R. 718-723.

Ordinarily the question whether an invitee has been

740 of contributory negligence is usually for the jury, but where the facts are undisputed, or stand confessed, then there is nothing to submit to the jury. More especially is this true when the facts show unmistakably that the injury resulted from an act of the plaintiff, which in itself is negligence, then it is contributory negligence as a matter of law and the question should not be submitted to the jury.

In Bush v. Grant, 61 S. W. 363, 364, 22 Ky. Law Rep. 1766, in discussing this principle, the court said: "Ordinarily, the question whether the injury was caused solely by the defendant's negligence, or was contributed to by plaintiff, should be left to the jury, but, where there is no conflict of evidence as to the manner of the injury, and when the facts show unmistakably that the injury resulted from an act of the plaintiff, which in law is in itself negligence, the court should not submit the question to the jury."

In Neal v. Ashland-Ironton Transfer & Ferry Co., 201 Ky. 332, 256 S. W. 721, 722, we said: "It is true that, generally speaking, the question of contributory negligence is one for the jury, but where all the material facts stand confessed, and they show that the plaintiff was guilty of such negligence that the injury would not have otherwise occurred, then there is nothing to submit to the jury."

Further discussing this principle, in Peerless Mfg. Corporation v. Davenport, 281 Ky. 654, 136 S. W. 2d 779, 780, we said: "Assuming that appellee was a business visitor or invitee upon appellant's premises, appellant owed him the duty to exercise ordinary care to have its premises upon which he entered in a reasonably safe condition and to give adequate warning to enable him to avoid injury because of any artificial or natural condition which was not reasonably safe and which was not known to him. Dalton v. Steiden Stores, 277 Ky. 179, 126 S. W. 155; Restatement of the Law of Negligence, Section 343. There was likewise the duty upon appellee to exercise ordinary care for his own safety which is measured by the same standard, since the rule of comparative negligence does not prevail and is not recognized in this state. Sandy River Cannel Coal Company v. Caudill, 60 S. W. 180, 22 Ky. Law Rep. 1175. Where both parties are guilty of negligence which con-

curs in producing the injury complained of, courts will not stop to inquire which was the most negligent but will deny recovery if the injury would not have happened but for the negligence of the plaintiff. Mann Brothers v. City of Henderson, 154 Ky. 154, 156 S. W. 1063. An invitee's right to assume that premises which he has been invited to use are reasonably safe does not relieve him of the duty to exercise ordinary care for his own safety nor license him to walk blindly into dangers which are obvious, known to him or that would be anticipated by one of ordinary prudence. See Lachat v. Lutz, 94 Ky. 287, 22 S. W. 218, 15 Ky. Law Rep. 75, and Lyle v. Megerle, 270 Ky. 227, 109 S. W. 2d 598. And one voluntarily exposing himself to such dangers is guilty of contributory negligence. Wallis v. Illinois Central Railroad Company, 247 Ky. 70, 56 S. W. 2d 715.''

We have, then, before us a customer who entered this store with the purpose of making a purchase at the soda fountain. By her own testimony she admitted that in a well-lighted room she made only a casual glance at the stools, and with Kleenex to her nose, approached the counter and without first looking where she was to sit sat down on the stem of a stool, which she says she could have seen if she had looked. Any prudent person, exercising ordinary care for his own safety, would have looked before attempting to sit down. This is confessed and undisputed contributory negligence.

We, therefore, conclude that under the test above, she was contributorily negligent as a matter of law. It might be stated here, however, that the above is the conclusion only of a majority of the Court.

Judges Rees, Cammack, and the writer of this opinion, while believing the matter presents a rather sharp question, yet are of the opinion that the question of whether or not appellant exercised ordinary care for her own safety should have been submitted to the jury under proper instructions.

The judgment is affirmed.