**DURBIN'S ADM'R**

v.

**NALLY, BALLARD & SALTSMAN,**
Inc., et al.

Court of Appeals of Kentucky.

Dec. 18, 1953.

Don A. Ward, S. M. Ward, D. G. Boleyn, Hazard, for appellant.

W. W. Reeves, Hazard, R. I. McIntosh, Woodward, Hobson & Fulton, Louisville, for appellees.

DUNCAN, Justice.

This action seeks damages on account of the death of Amos Durbin, Jr., who was killed by falling from a bridge being constructed by appellees in the City of Hazard under a contract with the State Highway Department. At the conclusion of all of the evidence, the court directed a verdict for appellees.

The bridge in question formed a part of Broadway Street and ran over a by-pass highway some twenty feet below the level of the bridge. The piers at each end had been completed and part of the subflooring had been laid preparatory to pouring the concrete floor. There was a space of eight or ten feet between the street and the south pier which was covered with boards, but the space between the street and the north pier had been left open except for three or four boards ten inches in width extending from the street to the pier. There was a flight of concrete steps which had been completed from the by-pass highway to the level of the bridge at or near the north pier. Barricades and warning signs had been placed at each street entrance of the bridge, but none had been placed at either the bridge or by-pass entrance to the concrete steps.

Between 2:00 and 2:30 a. m., on February 12, 1950, in attempting to cross the incompleted bridge, appellant's decedent fell into the excavation near the north pier, receiving injuries from which he died some two months later. A night watchman, employed by appellees to watch fuel oil stoves which were kept lit on the bridge to pre-

vent freezing of the concrete, observed decedent coming up the concrete steps on the night of the accident. This witness said:

"Well, he was coming up through there, coming on up to the steps, and when he got to the steps I hollered at him, told him not to come up, and he didn't answer at that time, and then he started on up the steps, come on to the level part of the steps, and I hollered at him again there, and told him not to come on up, that he couldn't get across, and he says, 'It's none of your damn business, I'll go where I please,' and started on up, come on up and walked over."

There is evidence that decedent had been drinking on the evening that he met his death, but the degree or extent of intoxication is not shown. He resided in Hazard at the home of his parents and unquestionably knew that the bridge was under construction.

Appellant's evidence disclosed that some few persons going from the north to the south side of Broadway, or vice versa, were venturesome enough to walk across the bridge on the steel girders and planks. There is little which appellees could have done to prevent an occasional unauthorized use of the bridge, and although others had negotiated the crossing safely, it is conceded that it was a highly hazardous undertaking.

█ Appellant insists that appellees were negligent in failing to erect warnings or barricades at the entrance to the concrete steps. It is true that those responsible for the creation or maintenance of a dangerous condition are generally required to provide some warning of the danger. Codell Const. Co. v. Steele, 247 Ky. 173, 56 S.W.2d 955; York v. Cumberland Const. Co., 312 Ky 797, 229 S.W.2d 970. The rule is designed for the protection of those who are unaware of the danger or may not learn of its presence until too late to avoid mishap. It was never intended to relieve one of the duty of exercising ordinary care

for his own safety, and where a person deliberately exposes himself to a danger of which he is aware, or which is open and obvious, he is guilty of contributory negligence as a matter of law. Taustine's Ex'r v. B. & B. Novelty Co., 305 Ky. 514, 204 S.W.2d 938; Proce v. T. P. Taylor & Co., 302 Ky. 736, 196 S.W.2d 312.

█ It is appellant's theory that the deceased was an invitee because of the fact that a number of other persons used the bridge as a walkway with the knowledge of appellees. The rule that one may not walk into an obvious danger, or one that could be anticipated by a person of ordinary prudence, is equally applicable to an invitee. Price v. T. P. Taylor & Co., supra.

█ We think the deceased was guilty of contributory negligence as a matter of law. It follows that the court properly directed a verdict for appellees.

The judgment is affirmed.