**FIELDS' ADM'X v. SNELLING.**

Court of Appeals of Kentucky.

Feb. 5, 1954.

Rehearing Denied April 23, 1954.

Arthur J. Daly, Cincinnati, Ohio, for appellant.

Robert E. Ruberg, Rogers & Rogers, Covington, for appellee.

MOREMEN, Justice.

W. L. Fields died as a result of injuries he received when he was struck by an automobile driven by appellee, W. R. Snelling. Appellant, administratrix of his estate, filed an action for damages which resulted in a verdict for appellee and, from a judgment entered on that verdict, this appeal is prosecuted.

The accident occurred on Dixie Highway (U.S. 25) between Covington and Erlanger where the highway is 40 feet wide; is divided into four traffic lanes, and extends in an easterly and westerly direction. During the trial, counsel conveniently numbered these lanes, beginning at the north edge of the road, one, two, three and four, and we accept this designation. The intersection is not symmetrical. Turkeyfoot Road enters the highway from the south and, approximately at this point, Hudson Avenue pierces it from the north, but there is a small offset and, if the lines of both were extended, they would not be coincidental. However, we have the impression that the scene of this accident has the ordinary characteristics of the usual spot where a secondary road crosses an arterial highway. At the northwest corner of this intersection and about 20 feet from Hudson Avenue is an inn and in front of the building is a metal sign post.

On the dark and misty night of January 10, 1951, at about 8 p. m., W. L. Fields reached the point where Turkeyfoot Road enters the highway from the south. His destination was the inn on the north side. He crossed lanes four and three and was in lane two when he was struck by the automobile operated by appellee who was driving in a westerly direction in that lane. His body came to rest at the side of the road not far from the iron pole in front of the inn.

Appellant contends that, on the trial, the court should have peremptorily instructed the jury to find for him on the question of negligence and should have submitted only the question of damages. A discussion of this point requires a resume of the evidence.

Appellant produced evidence to satisfy the formal requirements in a case such as this one and then introduced a truck driver who, on the night of the accident, was following about two lengths behind the car appellee was driving. He stated that the

cars were proceeding about 25 to 30 miles an hour in lane two when they approached the fatal intersection where he heard a thud and saw the body roll to the right. He pulled up in front of where Mr. Snelling's car had stopped, got out and, in answer to appellee's inquiry, replied that he did not see the impact and then appellee stated that he did not either. The body was near the sign post in front of the inn. Appellant then introduced appellee, W. R. Snelling, who testified as if he were under cross examination. He stated that he was driving a 1950 Ford which had headlights in perfect condition. He admitted that he did not see decedent in time to avoid striking him.

The case for appellant was rested and motion was made that the court peremptorily instruct the jury to find for appellant, which was overruled. Thereupon appellee testified in his own behalf and he related, with more detail, the occurrences at the time of the accident. He stated that for some time, as he approached the scene of the accident, he was following another car which was going in the same direction in traffic that was pretty heavy in both directions; that his first indication of the presence of decedent was when a blurred object appeared on his left, about 5 or 6 feet in front of him in a position approximately in front of his left headlight. Decedent was too close to avoid being struck and, after the impact, the body went off to his right. The right headlight of his automobile came in contact with decedent. Mrs. Snelling, who was a passenger in her husband's car, corroborated, to a great extent, the testimony given by him.

Appellant renewed the motion for a directed verdict after the introduction of all the testimony and the court overruled the motion and submitted the case to the jury which resulted, as we have said, in a verdict for appellee.

█ The direction of a verdict is not authorized unless, after regarding every reasonable inference to be deduced from the testimony, it can only be said that there is no evidence to support the cause of action or of defense sufficient to sustain a verdict, and a question becomes one of law for the court only where there is no conflict or controversy and only one conclusion may be reached by reasonable minds. Remmers' Ex'r v. Mayhugh, 303 Ky. 366, 197 S.W.2d 450; Bridge Transit Co. v. Leseuer, 304 Ky. 403, 200 S.W.2d 942. There is little conflict in the testimony produced in this case. Its fault lies in the fact that it does not present a complete picture of how the accident occurred. We believe that reasonable minds might properly differ concerning the inferences that may be drawn from those facts which were produced. Presumably there was an unmarked pedestrian cross walk near the point of the accident but we find no certain proof that decedent was within its boundaries. (Snelling stated only that the cross walk was "around that" and the driver of the following vehicle testified that he only "saw the object rolling" after Snelling reached the intersection.) We do not know whether, immediately before the accident, decedent was running across the road, walking slowly, or had stopped near the middle of the road and then proceeded further. We have only a quick glimpse of him at a time when he was almost in the path of the car.

On the other hand, it is a theory of the defense that decedent carelessly and quickly rushed into the path of the oncoming vehicle.

█ It is true that a pedestrian, under certain circumstances, has a preferential right-of-way, within a cross walk, over an oncoming vehicle but we have never held that this right is absolute. In Hillman v. Hall, 311 Ky. 790, 225 S.W.2d 667, we held, under such circumstances, that he is required to exercise ordinary care for his own safety and we pointed out in Pryor's Adm'r v. Otter, 268 Ky. 602, 105 S.W.2d 564, 568, that just because he has the right-of-way "he may not proceed serenely oblivious of surrounding circumstances. He is of course bound to exercise ordinary care for his own safety."

█ We believe that it might be reasonably inferred, from all the evidence intro-

duced here, that decedent did not exercise ordinary care for his own safety regardless of whether he was in or out of the cross walk and we are of opinion that the court properly submitted this case to the jury.

■ Of the 6 instructions given, appellant complains that instructions Nos. 2 and 3 were improper. Instruction No. 2 placed several duties on appellee, such as (a) to have his automobile under control; (b) to keep a lookout; (c) to have his automobile equipped with proper headlights; (d) to sound his horn. Appellant argues that the evidence showed he did not observe these duties, therefore the instruction should not have been given. However, this same instruction is concluded with this statement: "If the jury believe from the evidence that defendant, W. R. Snelling, failed to observe one or more of these duties and that such failure caused him to bring his automobile into collision with plaintiff's decedent and that said decedent sustained injuries from which he died, then you will find a verdict for plaintiff." In other words, before recovery may be had, a neglect of duty must be shown and the jury must believe that the negligence in failing to perform the duty was the proximate cause of the accident. By this instruction appellee's duties were outlined and the jury was authorized to find against him if they felt that any neglect of duty was the proximate cause of the accident. We believe the instruction to be correct.

■ Instruction No. 3 sets out decedent's duty to exercise ordinary care and states that if he failed to observe this duty, he was guilty of contributory negligence. We think this was correct because it may be reasonably inferred from the evidence that decedent was guilty of negligence. The second portion of the instruction deals with the duty of decedent if he was crossing the highway at a place other than the regular crossing for pedestrians and, as we have stated above, since it is not at all certain from the proof that he was crossing at any regularly designated cross walk, we believe this instruction was properly given. Louis-

ville Taxicab & Transfer Co. v. Byrnes, 296 Ky. 560, 175 S.W.2d 4.

An examination of all the instructions has demonstrated to us that they were specific and concrete and we have no doubt but that the jury understood them.

Judgment affirmed.