**Edward EICHSTADT et al., Appellants,**

**v.**

**Laura UNDERWOOD, Appellee.**

Court of Appeals of Kentucky.

May 6, 1960.

Woodward, Hobson & Fulton, Louisville, for appellants.

Harry L. Hargadon, Louisville, for appellee.

WADDILL, Commissioner.

Appellee, Laura Underwood, 66 years of age, was knocked down and injured while she was walking across Oakdale Avenue in the City of Louisville by an automobile being driven by Frances Eichstadt. Appellee brought this action to recover damages against the appellants, Frances Eichstadt and her husband, who owned the automobile, alleging that the accident was caused by the negligent operation of the car. The trial resulted in a verdict and judgment awarding appellee $9,000.

Several grounds are urged for reversal, the first of which is that appellee was guilty of contributory negligence as a matter of law.

The testimony introduced in behalf of appellee was that during the evening of April 22, 1954, at approximately 9:30 o'clock she got off a city bus at the intersection of Oakdale Avenue and Southern Parkway and walked to the south curb of Oakdale. When the traffic light at this intersection gave her the right to cross Oakdale, she looked for approaching traffic and seeing none, she attempted to cross to the north side of Oakdale. While she was crossing the street within the crosswalk provided for pedestrians, and as she neared the north side of Oakdale, she collided with appellants' automobile which had executed a left turn onto Oakdale. Appellee testified that she did not see the automobile driven by Mrs. Eichstadt as it was approaching her, nor did she see the car as it came into the crosswalk in front of her.

Appellant, Frances Eichstadt, testified that shortly before the accident occurred she was driving her automobile north on Southern Parkway. When she arrived at the intersection of Oakdale, she stopped her car and waited for the traffic light to change from red to green. When the light

changed, she proceeded into the intersection and made a left turn onto Oakdale at a speed of about five miles an hour. She stated that she did not see appellee, but that she felt an impact upon the left rear side of her car immediately after it passed over the crosswalk. The reason she gave for not seeing appellee was that she was watching the traffic approaching her on Southern Parkway as she executed a left-hand turn onto Oakdale.

Four persons who had witnessed the occurrence of the accident testified that appellee walked into the left rear fender of appellants' automobile as it was passing in front of her. They differed, however, concerning whether appellee was within the crosswalk at the time.

Upon a motion for a directed verdict, based on the defense of contributory negligence, the burden is upon the defendant to establish to the satisfaction of the court that plaintiff was guilty of some specific act, or omission to act, which did not meet the standards of conduct exacted by law. 38 Am.Jur., Negligence, Section 181, pages 858, 859. Ordinarily, the question of whether the accident was caused solely by the defendant's negligence, or was contributed to by plaintiff, should be left to the jury to determine. Price v. T. P. Taylor & Co., Inc., 302 Ky. 736, 196 S.W.2d 312; Hewitt Lumber Co. v. Mills, 193 Ky. 443, 236 S.W. 949; Bush v. Grant, 61 S.W. 363, 22 Ky.Law Rep. 1766. It is only where one fair and reasonable conclusion can be drawn from the evidence that a directed verdict should be given. Neal v. Ashland-Ironton Transfer & Ferry Co., 201 Ky. 332, 256 S.W. 721.

Appellants insist that appellee did not exercise ordinary care in that she not only failed to observe approaching traffic while she proceeded across the street, but she also walked into appellants' automobile after it had cleared the crosswalk. Appellants rely upon the rule that a pedestrian may not proceed across a street oblivious to oncoming traffic, even though the pedes-trian is in the crosswalk and the motorist has the duty to yield the right-of-way. Whittaker v. Thornberry, 306 Ky. 830, 209 S.W.2d 498; Pryor's Adm'r. v. Otter, 268 Ky. 602, 105 S.W.2d 564. We have, however, expressly held that it was not negligence per se for a pedestrian to fail to constantly look for approaching traffic while crossing a street at an established crossing if the pedestrian had looked for traffic before entering the street, and had thereafter observed due care and caution for his own safety. Layne v. Cottle, 286 Ky. 221, 150 S.W.2d 684; Weidner v. Otter, 171 Ky. 167, 188 S.W. 335. Since the uncontradicted testimony of appellee was that she looked for approaching traffic before entering the street, it cannot reasonably be held as a matter of law that appellee was negligent in failing to constantly look for approaching traffic.

While it does appear from the testimony introduced in behalf of appellants that appellee walked into appellants' automobile, we cannot fairly say that this testimony conclusively established contributory negligence on the part of appellee unless we ignore other pertinent facts and circumstances in the case. The physical facts and the inferences that reasonably may be drawn from the evidence give rise to a factual issue as to whether the automobile driven by appellant appeared so suddenly in front of, and so close to appellee that her previously initiated forward movement carried her involuntarily into the appellants' car. It is not unusual for a person, especially an elderly person, to be startled and momentarily confused when suddenly and without warning confronted at close quarters by a moving vehicle, a circumstance which the jury may properly consider in determining the question of contributory negligence.

Since it is our view that the evidence, when considered in its entirety, presented a jury issue concerning whether appellee was guilty of contributory negligence, we have concluded that the trial

judge correctly overruled appellants' motion for a directed verdict and also their motion for judgment notwithstanding the verdict. Therefore, there is no basis for the further contention that the verdict is flagrantly against the weight of the evidence.

Appellants contend that certain instructions were erroneous and prejudicial. By instruction number 1(e) the court informed the jury that if they believed from the evidence that appellee was in the marked crosswalk at the time of the accident, it was the duty of Mrs. Eichstadt (the driver of appellants' car) to yield the right-of-way to Mrs. Underwood (appellee), and if necessary, in order to yield the right-of-way, to slow down or stop. Appellants insist that this instruction erroneously made it the duty of the driver of appellants' car to yield the right-of-way to appellee.

The reciprocal rights and duties of an automobile operator and a pedestrian crossing a street at an intersection are embraced in KRS 189.570. The provisions of this statute are not applicable to the present case because they do not include a situation where the pedestrian is within a marked crosswalk where traffic signals are in operation.

■■■ In the absence of statutory regulation a municipality as a valid exercise of its police power may regulate the use of its streets by motorists and designate places where pedestrians may cross them and control their movements. Pryor's Adm'r. v. Otter, 268 Ky. 602, 105 S.W.2d 564; Commonwealth v. Nolan, 189 Ky. 34, 224 S.W. 506, 11 A.L.R. 202. At the time the accident occurred there was in force in the City of Louisville an ordinance (Traffic Code, Section 18-8A) which gives a pedestrian crossing the street within a crosswalk the right-of-way over "turning vehicles." Since it is our view that instruction number 1(e) aptly informed the jury of the rights and duties of the parties pursuant to the ordinance, we find no error in this respect.

■■■ Complaint is also made concerning instructions 1(b), 2(a), 2(b), and 2(c), which embraced the common law duties of the parties, such as requiring appellee to exercise ordinary care for her own safety and to keep a lookout for vehicles so near to her as to be in danger of colliding with her. Appellants insist, however, that the jury should have been instructed that even though appellee was in a crosswalk and had the right-of-way over appellants' vehicle, she could not walk across the street serenely oblivious of approaching traffic, which she could have seen by the reasonable exercise of care. As a rule of law, a pedestrian may not proceed across a roadway "serenely oblivious of surrounding circumstances" (Fields' Adm'x v. Snelling, Ky., 266 S.W. 2d 302, 304), but is required to exercise ordinary care for his own safety. However, to specifically include within an instruction' an admonition that appellee "could not proceed across the street serenely oblivious of surrounding circumstances" would place undue emphasis upon certain testimony which tended to show that appellee was contributorily negligent in failing to observe due care under the circumstances. See, Stanley's Instructions to Juries, Second Edition, Section 28, page 54. It is our opinion that the issue as to whether appellee was contributorily negligent was a question for the jury to resolve, and since this issue was correctly submitted by an instruction particularly applicable under the facts of this case which was sufficiently clear to be understood by the jury, we find no error.

In substance, instruction number 4 authorized appellee to recover damages for injuries sustained in a subsequent accident if such injuries were found to be the direct and proximate result of appellants' alleged negligent operation of their automobile when it collided with appellee on April 22, 1954. This instruction was predicated upon evidence the court permitted the jury to hear concerning an injury appellee sustained in an accident on October 27, 1954, when she fell in her home. Over the ob-

jections of appellants the court permitted testimony showing that appellee's physician had advised her to exercise her leg which had been injured in the accident involving appellants' car. While exercising her injured leg she fell and sustained additional injuries. The first objection to instruction number 4 is that it authorized appellee to recover damages against appellants for injuries sustained as a result of the subsequent accident, when there was no evidence showing that the second injury was a direct result of a mishap traceable to the injury sustained in the initial accident.

A review of some of the cases from other jurisdictions reveals that where the original injury was aggravated because of a second injury, the latter a natural and proximate result of the first injury, the original wrongdoer is liable for the second as well as the first injury. See Hartnett v. Tripp, 231 Mass. 382, 121 N.E. 17; Smith v. Northern Pac. R. Co., 79 Wash. 448, 140 P. 685; Conner v. Nevada, 188 Mo. 148, 86 S.W. 256; Wagner v. Mittendorf, 232 N.Y. 481, 134 N.E. 539, 20 A.L.R. 520. These cases pertain to the liability of the wrongdoer for the aggravation of the original injury. In the instant case the appellee's original injury was not directly affected by her subsequent fall from which she sustained a fractured left hip and wrist. Thus, our present question is whether the original wrongdoer is liable for a subsequent and different injury, the latter injury a natural and proximate result of the initial injury.

■ In Beech Creek Coal Co. v. Cox, 314 Ky. 743, 237 S.W.2d 56, we extended the rule to apply not only to aggravations of the original injury, but also to any subsequent injury that was proximately caused by the original injury. See, also: East Tennessee Telephone Co. v. Jeffries, 153 Ky. 133, 154 S.W. 1112. Apparently, the basis of recovery in cases involving liability of the original wrongdoer for subsequent injuries, is causation. Therefore, so long as the first injury is the direct and proximate cause of the second injury, the relative location of the injuries on the person of the claimant is not the controlling factor in determining liability.

■ Appellants' contention that appellee was contributorily negligent in the manner in which she was exercising her injured leg, and that they were therefore entitled to an instruction submitting this defense to the jury, cannot be reviewed by this Court because of the failure to properly preserve this question in accordance with Civil Rule 51. See, Also: Clay, CR 51, Author's Comment thereunder.

■ During the voir dire examination of the jury panel, counsel for appellee placed on a blackboard, which was in full view of the jurors, the amount sought in the complaint. Appellants' counsel objected to the jurors being informed in this manner of the amount asked by appellee. The basis of the objection was that the contents of the complaint were not in evidence and there was no evidence to support the amount sought at the time it was placed on the blackboard. This contention is without substantial merit since appellee's counsel had the right to inform the jury of the amount sought by appellee in his opening statement to the jury. There are other cogent reasons why the objection is frivolous but we think the reason assigned herein is sufficient.

Judgment affirmed.

MONTGOMERY, C. J., dissents because he believes appellee was guilty of contributory negligence as a matter of law, and also for the reason that appellee's subsequent injury was too remote to be compensable.