**W. L. FELIX, Administrator of the Estate of Sterling M. Moreland, deceased, Appellant,**

**v.**

**Edwin S. STAVIS et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 11, 1964.

John B. Anderson, Owensboro, for appellant.

Bratcher, Rummage & Beard, Woodward, Bartlett & McCarroll, Owensboro, for appellees.

CULLEN, Commissioner.

W. L. Felix, administrator of the estate of Sterling M. Moreland, deceased, brought action against Edwin S. Stavis and Roy Reid to recover damages for the wrongful death of Moreland. The trial court directed a verdict for the defendants and judgment was entered accordingly. Felix has appealed.

Moreland was employed by Westinghouse Electric Corporation at its Ken-Rad plant in Owensboro. Stavis, owner of a truck, had a contract with Westinghouse to haul Ken-Rad products from the plant to a warehouse at a railroad terminal. Reid was employed by Stavis to drive the truck. Under the hauling contract Westinghouse's employes were solely responsible for loading and unloading the truck.

On October 2, 1961, Moreland was called upon to load cartons of Ken-Rad products on the Stavis truck, which was backed up against a loading portal in the side of the Ken-Rad plant. Moreland picked up a number of cartons with a forklift loader (a four-wheeled, power-driven machine with a seat on which the operator rode) and drove it through the portal into the Stavis truck. He deposited the cartons in the truck and was in the process of backing the forklift out of the truck when the truck suddenly rolled forward, away

from the portal. The forklift fell off the back of the truck, pinning Moreland against the side of the building and causing him severe injuries, from which a few weeks later he died.

Westinghouse had a printed safety regulation requiring its forklift operators, before driving a forklift onto a truck backed up to a loading portal, to see that the wheels of the truck were chocked so that the truck would not roll away from the portal. Wooden chocks were available at the portals for this purpose. The evidence shows that on the occasion of Moreland's accident the wheels of the Stavis truck had not been chocked. The evidence shows also that Moreland knew of the regulation. These facts have significance as concerns the question of Moreland's contributory negligence or assumption of risk.

As concerns the negligence of the truck driver, the evidence was uncontradicted that the emergency brake on the truck would not function. Also, although the truck driver testified that he had left the truck in reverse gear when he turned off the engine after backing the truck against the portal, he admitted that possibly he could have bumped the shift lever into neutral when he stepped out of the truck. When the truck was examined after the accident it was found to be in neutral gear.

The trial court directed a verdict for the defendants on the basis that Moreland was contributorily negligent as a matter of law in not seeing if the truck wheels were chocked.

■ The appellant's first contention is that the trial court erred in holding that Moreland's negligence was as a matter of law a proximate cause of the accident. We find no merit in this contention. Although the terminology of assumption of risk, rather than that of contributory negligence, seems better to apply to Moreland's conduct, we think that as concerns proximate cause it makes no difference which terminology is used. The significant thing is the failure of Moreland to exercise ordinary care for his own safety. City of Cold Spring v. Ross, Ky., 358 S.W.2d 507. The question is whether that failure was a substantial contributing cause of the accident. If it be considered that Moreland's failure of care consisted of proceeding in the face of a known risk, then the causation is plain, because the thing that he assumed the risk of happening (namely, the truck's rolling away from the portal) is exactly what did happen. On the other hand, if it be considered that his failure of care consisted of his not correcting (by chocking the wheels) the dangerous condition that existed, causation still is plain, because it is clear from the evidence that the truck would not have rolled away had the wheels been chocked.

Where but one reasonable conclusion could be drawn by fair-minded men the question of proximate cause becomes a matter of law. See Eichstadt v. Underwood, Ky., 337 S.W.2d 684; Louisville & Nashville Railroad Co. v. Troutman, Ky., 351 S.W.2d 516.

■ Appellant's second contention is that, even if it be considered that Moreland's failure of care was as a matter of law a contributing factor, it was for the jury to decide whether his failure was "the" proximate cause, or "the last link in the chain of causation". This contention is based upon a wholly erroneous concept of the law of causation which, unfortunately, was at one time given some color of validity in decisions of this Court. However, that ghost was laid to rest in Saddler v. Parham, Ky., 249 S.W.2d 945. If, as we have found it to be, Moreland's failure of care was a substantial contributing cause of the accident, the fact that the truck driver's negligence also was a substantial contributing cause does not mean that the jury should decide whether one was *more* of a cause than the other.

■ As a third contention appellant argues that the negligence of the truck driver

was wanton or gross, and therefore the defenses of contributory negligence and assumption of risk should be held not available. It is sufficient to say that in our opinion the truck driver's negligence (failure to have an emergency brake and accidentally bumping the gear shift lever into neutral) does not even remotely approach being wanton or gross.

 Although the appellant, on the face of his brief, has argued only *proximate cause* in respect to Moreland's conduct, and has not in specific words raised any question as to whether Moreland did as a matter of law fail to exercise ordinary care, that question lurks in his argument and probably warrants consideration.

It is our opinion that Westinghouse's safety regulation cannot be accorded the statute of an *absolute* standard of care, such as a statute, the violation of which would convict an employe ipso facto of a failure to exercise ordinary care even in respect to his relationships with strangers. However, we believe the regulation at the least has the effect of a *warning,* the existence of which is a circumstance to be considered in determining whether under all the circumstances the employe exercised the care of an ordinarily prudent man. See Annotation, 125 A.L.R. 645.

In substance, the Westinghouse regulation said to Moreland: "Our experience has shown that trucks may roll away from the loading portal if the wheels are not chocked. Our experience has shown also that the truck drivers cannot be depended upon to secure their vehicles so effectively that they will not roll away. You are warned that there is a substantial danger of your being injured if you do not see that the wheels are chocked."

The warning was one of a substantial risk of serious danger. It is our opinion that in ignoring the warning Moreland failed to meet the standard of ordinary care.

The judgment is affirmed.