**O. K. TIRE STORE #3, INC., Appellant,**

**v.**

**Adrian STOVALL, Appellee.**

Court of Appeals of Kentucky.

June 18, 1965.

Robert G. Breetz, Lively M. Wilson, Stites, Peabody & Helm, Louisville, for appellant.

Donald B. Barnett, M. G. Snyder, Louisville, for appellee.

MONTGOMERY, Judge.

Adrian Stovall recovered judgment of $2,308 against O. K. Tire Store #3, Inc., for personal injuries. The defendant's

motion for appeal has been sustained. RCA 1.180; KRS 21.080.

Stovall stepped backward into a five-gallon bucket of white sidewall tire cleaner containing lye and received burns to his leg. He had come to appellant's place of business to make a payment on his account and to have checked an automobile tire which was leaking air. Appellant, as its name indicates, was engaged in the operation of a tire store where tires were sold, mounted, and serviced.

After paying his account appellee proceeded to the work area of the store where the tire inspection was being made by Donald Burris, appellant's employee. By that time Burris had immersed the tire into a water tank and was in the process of rotating and checking it for air leaks. Appellee testified that Burris said that he was going "to put some water" on the tire and that he (appellee) then stepped backward and into the bucket containing the lye solution, causing the contents to splash up to his hip.

While appellee stood near the water tank, he said, he was a "foot to two foot" from the bucket. Appellee said that he had not seen the bucket prior to stepping into it, although he admitted that the bucket had been in open view.

Appellant's employee testified that the bucket was black in color and that its location had not been changed during the time appellee was present until he stepped into it. He said that appellee passed one or two feet from the bucket when he came to watch the tire inspection. According to the employee, no attempt was made to splash water on appellee. Burris described the incident as follows:

"* * * each time I would roll the tire over to see if I could find a bubble, seemed like he would step back a little bit.

"22  Uh-huh.

"A  And each time I did this—rolled the tire, he stepped back a little bit, and he stepped a little bit too far and stepped over in the bucket."

Appellee was an invitee. City of Madisonville v. Poole, Ky., 249 S.W.2d 133; Rojo, Inc. v. Drifmeyer, Ky., 357 S.W. 2d 33.

In J. C. Penney Co. v. Mayes, Ky., 255 S.W.2d 639, the rule was stated thus:

"An invitee's right to assume that premises which he has been invited to use are reasonably safe does not relieve him of the duty to exercise ordinary care for his own safety nor license him to walk blindly into dangers which are obvious, known to him, or that would be anticipated by one of ordinary prudence."

From the testimony there was no action on the part of appellant or its employee, other than the rotation of the tire in the normal course of inspection, that caused appellee to put his foot into the five-gallon bucket. Again quoting from the J. C. Penney Company case, " 'Ordinarily, the question whether the injury was caused solely by the defendant's negligence, or was contributed to by plaintiff, should be left to the jury, but where there is no conflict of evidence as to the manner of the injury, and when the facts show unmistakably that the injury resulted from an act of the plaintiff, which in law is in itself negligence, the court should not submit the question to the jury.' "

Under the testimony in this case the only negligence shown by the undisputed facts is that of the appellee in stepping backward into a hazard which he should have seen. A five-gallon bucket is a sizable article that would require some high stepping in order to put one's foot into it. As was pointed out in Allen v. Dillman, Ky., 249 S.W.2d 23, "The duty to make reasonable use of faculties to observe and discover conditions of danger is included within the duty to exercise ordinary care to avoid injury." To the

 

same effect see Price v. T. P. Taylor Co., 302 Ky. 736, 196 S.W.2d 312; Humbert v. Audubon Country Club, Ky., 313 S.W.2d 405; and Leslie Four Coal Co. v. Simpson, Ky., 333 S.W.2d 498, 84 A.L.R.2d 728. Winn-Dixie Louisville, Inc. v. Smith, Ky., 372 S.W.2d 789, is distinguishable from this case since the invitee said that the cardboard box into which she stepped was hidden from view. Appellant's motions for a directed verdict and judgment n. o. v. should have been sustained.

Judgment reversed with direction to enter judgment for appellant.